UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-13204-RGS

DANNY M. KELLY

v.

MARTIN O'MALLAY, *Commissioner of Social Security*

ORDER

March 20, 2024

STEARNS, D.J.

*Pro se* litigant Danny M. Kelly brings this action against the Commissioner of Social Security, alleging that employees of the Social Security Administration have, on numerous occasions, failed to provide him the Medicare number he needs to enroll in Medicare Part B. Kelly states that he has spent numerous hours on the phone with the SSA and has visited his local SSA office trying to obtain his Medicare number, all to no avail.

In his jurisdictional allegation, Kelly invokes the court's federal question jurisdiction under 28 U.S.C. § 1331, and states that "[t]he cause is based upon Plaintiff's right to subscribe to Medicare. The civil rights violations come from Title 42 § 1983 that is applicable under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)." Compl. at 1.

The Commissioner has filed a motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Dkt # 9.

The court ALLOWS the motion to dismiss. The United States, its agencies, or federal officers sued in their official capacities have sovereign immunity for suit unless such immunity has been waived.[1] *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver by the United States of its sovereign immunity must be "unequivocally expressed" and will be strictly construed in favor of immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 95 (1990)).

Here, Kelly has not identified, nor can the court discern, a claim for which the United States has waived its immunity. The Social Security Act contains a very narrow waiver of sovereign immunity to permit judicial review of the Commissioner's decisions regarding the denial or receipt of Social Security benefits, *see* 42 U.S.C. § 405(g), but this case does not

---

[1] Here, the Commissioner is being sued in his official capacity. Kelly does not suggest that the Commissioner was personally involved in the matter at hand. *See Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("[L]awsuits brought against employees in their official capacity 'represent only another way of pleading an action against an entity of which an officer is an agent.' . . . 'Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of [federal] law.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–166 (1985) and *Hafer v. Melo*, 502 U.S. 21, 25 (1991))).

2

concern Social Security benefits. A *Bivens* lawsuit may not be maintained against the United States, its agencies, or federal officers sued in their official capacities. *See McCloskey v. Mueller*, 446 F.3d 262, 271-72 (1st Cir.2006). Section 1983 applies to conduct under *state* law, not federal law.

Because the United States has not waived its sovereign immunity with regard to the claim Kelly asserts, the motion to dismiss is GRANTED and this case is DISMISSED.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE